Peter METCALFE, Appellant,

v.

STATE of Alaska, Appellee.

No. 3634.

Supreme Court of Alaska.

April 20, 1979.

Douglas Pope, Anchorage, for appellant.

James L. Hanley, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty. and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

This case turns on the validity of the seizure and subsequent search of a box in the possession of appellant at the time of his arrest.

1. The information and complaint refer to approximately six pounds of marijuana. However, testimony of the arresting officer refers to approximately five pounds of marijuana.

2. Because of a question whether the concession was appropriate we ordered supplemental briefing concerning the validity of the warrant. In response, the state declined to argue that the warrant was valid. Under these circumstances

On April 16, 1976, Investigator Kalwara of the Juneau Police Department received information that a box addressed to Ron Hakala, Juneau, would be arriving on a flight from Seattle, Washington, and that the box was believed to contain illegal drugs. Thereafter a warrant for the search of both Ron Hakala and the box was obtained from a magistrate.

The police set up surveillance at the Juneau Municipal Airport. They saw Peter Metcalfe pick up the box and carry it to the parking lot, accompanied by Joe Craig. Investigator Kalwara followed the two men to the parking area. He saw Craig walk over to a vehicle and open the trunk. As Metcalfe approached the car, Kalwara stopped him, and also asked the two men for identification. Kalwara arrested them, explaining that the police had probable cause to believe that the box contained illicit drugs. Metcalfe and Craig were taken to the police department, together with the box. The box was later searched. The search revealed about six pounds [1] of marijuana and some cannabis oil. Metcalfe was charged with possession of these drugs for purpose of sale or disposal to another person in violation of AS 17.12.010.

Metcalfe moved to suppress the fruits of the search. The state conceded that the warrant was invalid,[2] but sought to sustain the search as coming within one of the exceptions to the requirement of a warrant. The superior court denied the motion to suppress. Metcalfe thereafter entered a plea of nolo contendere, specifically reserving the right to appeal.[3] Before sentencing, Metcalfe moved for reconsideration of the order denying his motion to suppress, relying upon the recent decision in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct.

we will assume that there are facts not of the record which preclude a good faith argument as to the validity of the warrant.

3. A nolo contendere plea expressly conditioned upon a limited right to appeal preserves to defendant such limited right when the issue to be appealed has been fully litigated at pre-trial hearing. *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

2476, 53 L.Ed.2d 538 (1977). The motion for reconsideration was denied, the superior court holding that *United States v. Chadwick, supra,* did not apply to searches conducted before June 21, 1977, the date of decision. This appeal followed.

The question is whether the warrantless search of the box is valid. We will start our inquiry by considering *United States v. Chadwick, supra,* the facts of which are strikingly similar to the case at bar. In *Chadwick* federal agents lawfully seized a locked footlocker from the open trunk of an automobile during the arrest of those in possession of the footlocker. More than an hour after the arrests, acting with probable cause to believe that the footlocker contained contraband drugs, but without a warrant, the agents opened the footlocker and found large amounts of marijuana.

The United States Supreme Court, in an opinion by Burger, C.J., held the search invalid. More specifically the court held that the privacy interests protected by the Fourth Amendment extended to the footlocker, that the footlocker search was not justified under the "automobile exception," and that no exigent circumstances were present which could justify the search without a warrant. Nor could the search be justified as one incident to arrest, for as the court observed:

> "Once law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest."

433 U.S. at 15, 97 S.Ct. at 2485. (footnote omitted)

■ *Chadwick* is plainly dispositive of the case at bar. The state argues that *Chadwick* should not be applied retroactively to cases arising before its date of decision. This argument might have some merit if *Chadwick* had announced a new standard as to official behavior which took place in reliance on a previous standard. We do not, however, perceive *Chadwick* as that sort of decision. The only thing new in *Chadwick* is the "extreme and dubious" legal arguments which were propounded by the government and were so firmly rejected by the court.[4]

Moreover, we have already held in *Erickson v. State,* 507 P.2d 508 (Alaska 1973), that, when no exigent circumstances are present, a locked suitcase in the custody of the police could not be opened by the police absent a proper warrant. Thus *Chadwick* does not announce a standard previously inapplicable to police officers in Alaska. On the contrary, it exemplifies the standard previously set forth in our own decisions.

■ We hold that the search of the box without a warrant was unlawful. It follows that the superior court erred in denying the motion to suppress the fruits of that search. We must reverse and remand for further proceedings consistent with this opinion. In view of our disposition we need not address the other contentions of the parties.

REVERSED and REMANDED.

---

4. See the concurring opinion of Brennan, J., 433 U.S. at 16, 97 S.Ct. 2476.